IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:22-CV-00734

**Plaintiff:**

JOYVIDA, LLC, a Colorado limited liability company, D/B/A AMADA SENIOR CARE

**v.**

**Defendants:**

VGM INSURANCE SERVICES, INC., a foreign corporation; UNITED SPECIALTY INSURANCE COMPANY, a foreign corporation; FEDERAL INSURANCE COMPANY, a foreign corporation; HR SERVICES GROUP, LLC D/B/A/ INIFINTIHR, a foreign company.

    Defendants.

## AMENDED COMPLAINT

**COMES NOW,** PLAINTIFF JOYVIDA, LLC, a Colorado Limited Liability Company, d/b/a Amada Senior Care by and through their attorneys of records, Earl & Earl, PLLC, pleads and aver as follows:

## THE PARTIES

1.    Joyvida, LLC d/b/a Amada Senior Care (hereinafter "Amada or Plaintiff), is organized under the laws of the State of Colorado, with its principal place of business in the State of Colorado.

2.    Upon information and belief Defendant VGM Insurance Services (hereinafter "VGM") is an insurance broker, an administrator, and/or a managing general agent administering claims on behalf of Defendant United Specialty Insurance Company with its principal place of business in Merriam, Kansas.

3.    Upon information and belief Defendant United Specialty Insurance Company (hereinafter "USIC") is an insurance company authorized to do business and doing business in Colorado, with its principal place of business in Bedford, Texas.

Upon information and belief, Defendant HR Services Group, LLC d/b/a InfinitiHR (hereinafter "InfinitiHR") is a foreign limited liability company organized under the laws of the State of Maryland with its principal place of business in Ellicott City, MD.

4. Upon information and belief, Defendant InfinitiHR also is an insurance broker, first named insured, co-insurer, and a third-party claims administrator, administering claims for Federal Insurance Company.

5. Upon information and belief Defendant Federal Insurance Company (hereinafter "Federal") is an insurance company authorized to do business and doing business in Colorado, with its principal place of business in Indianapolis, Indiana, and is an Indiana Corporation.

## JURISDICTION AND VENUE

6. Jurisdiction is proper, pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum or value of Seventy-Five thousands dollars ($75,000.00) and is between citizens of different States.

7. Venue is proper as a substantial part of the events giving rise to the claims occurred in Colorado.

## INTRODUCTION AND BACKGROUND

8. Joyvida LLC d/b/a Amada Senior Care (Amada) was formed in November of 2013, under the laws of the State of Colorado.

9. Amada provides in home senior care to senior citizens in Southern Colorado. The services provided include cooking, housekeeping, personal care, grooming, and cleaning, as well as companionship.

10. On or about April 28, 2015, the Equal Employment Opportunity Commission ("EEOC") received a complaint against Amada asserting that Amada had allowed discrimination to occur. Upon information and belief shortly thereafter the EEOC began an investigation.

11. The Charge of Discrimination and the identified "relevant period" for the investigation was December 1, 2012, to December 1, 2014.

12. On or about May 11, 2018, the EEOC issued a Letter of Determination to Amada, and requested Amada participate in an attempted conciliation.

13. The attempted conciliation failed.

14. On or about August 9, 2018, the EEOC filed a lawsuit.

15. The lawsuit originally identified two alleged victims who claimed to have been harassed by a single Amada client during the period from June 2014 to October, 2014.

16. Upon information and belief Plaintiff attempted to put all of the defendants on notice of the allegations and cause of action against them.

17. Upon information and belief Plainiff in putting all Defendants on notice of the allgations and claims against attempted to and intended to open a claim and or claims on all of the policies that should have provided coverage.

18. Upon information and belief Plaintiff in attempting to open a claim or claims on the policies that Plaintiff had in place, Plaintiff was seeking defense of the claim or claims, contribution to defense costs, and/or indemnification.

19. Upon information and belief the Defendants VGM Insurance Services and InfinitiHR as administrators, insurance brokers, and/or first party insureds failed to comply with the insurane company's requests for updates, information, documents, and or agreements.

20. Inexplicably Defendants chose to not provide coverage, defense costs, or defense counsel in order to prevent the additional Plaintiffs being added by the EEOC.
The very action item they were advised would happen if defense was not provided indeed did occur.

21. During the pendency of the litigation, the EEOC added several more alleged Amada employee victims that worked for Amada after the above referenced "relevant period." These additional victims alleged to have been harassed by different Amada patient individuals than the Amada patient identified by the first two claimants. The additional "relevant" period of harassment was from 2015 to 2019.

22. These additional claimants were added as late as December of 2020.

23. None of the alleged harassment was conducted by Amada employees, but rather by Amada's patients or the patients' relatives.

24. Amada, over the course of its existence, carried several insurance policies, including Professional Liability and Employment Practices Liability Insurance. (EPLI).

25. Upon information and belief, Amada consulted with VGM Insurance Services to place its insurance coverage for the period from October 2016 to October 2018.

26. Upon infromation and belief VGM obtained insurance coverage through USIC for and in behalf of Amada.

27. From November 2013 to July 2017 Amada hired its own employees and provided all of the required human resource services that any business is required to have, such as, payroll, hiring, firing, training, and wage withholding.

28. Upon information and belief, beginning in April 2017, Amada contracted with Infiniti HR to provide Human Resource services to Amada's employees. All employees were hired after April 2017 through InfinitiHR.

29. Upon information and belief, the Franchisor of Amada, requested Amada Senior Care use InfinitiHR and its services. Amada Senior Care did not directly choose to offload these services and did not select InfinitiHR directly.

30. Upon information and belief InfinityHR represented to Amada that it would procure, and did procure EPLI insurance coverage for Amada beginning on or about April 5, 2017.

31. Upon information and belief InfinitiHR procured EPLI insurance with Lexington Insurance Company and/or Federal Insurance on Amada's behalf.

32. Upon information and belief InfinitiHR was a co-insurer with Lexington and/or Federal Insurance companies on Amada's behalf.

33. Upon information and belief InfinitiHR was a first named insured and responsible for the Self-Insured Retention (SIR) of $100,000.

34. During the pendency of the EEOC lawsuit, EEOC continued to collect allegedly aggrieved Amada employees. Each of these employees claimed to have been harassed and or assaulted by an Amada patient and were "included" in the EEOC's lawsuit against Amada.

35. The EEOC enlarged and expanded their "relevant period" casuing greater exposure to Amada despite not complying with the administrative process or conditions and never formally amending its lawsuit.

36. Amada submitted claims to its respective third party administrators during the times that coverage was in place and that corresponded with the work periods of the employees with allegations.

    a. Sharon Muschak worked for Amada between March 2018 to April 2018, and a notice of claim was submitted to VGM Insurance Services on June 20, 2020.

    b. Ysenia Rogriquez worked for Amada April 2018 to May 2018 and a notice of claim was submitted to VGM Insurance Services on June 20, 2020.

      c.   Regina English worked for Amada June 2017 to November 2017 and a notice of claims was submitted to USIC via VGM Insurance Services

37. On or about June 30, 2020 Amada submitted a claim to VGM Insurance Services under policy numbers VGM1972009161 andVGM19712099117-2. The effective dates of the policy were October 17, 2016 to Oct 17, 2018. The claim number was PL501265.

38. On July 1, 2020 Jamie Schmitz a claims manager for VGM Insurance Services denied the claim based upon there being no coverage. (See Exhibit 1, Jamie Schmitz email.)

39. On or about April 28, 2021 Amada through counsel submitted a follow up request to VGM Insurance for coverage, and asked VGM Insurance to participate in a mediation to resolve the entire matter. (See Exhibit 2, Wendelyn Walberg Letter to VGM Insurance Services.)

40. On or about May 6, 2021 Amada submitted a claim to InfinitiHR for coverage.

41. Upon information and belief InfinitiHR did not contact Lexington insurance to inform them of the additional aggrieved individuals that the EEOC added to the claim.

42. On or about May 6, 2021 InfinitiHR, through Jennifer Archer, denied the claim and forwarded a letter dated February 11, 2019. (See Exhibit 3, AIG Declination Letter February 19, 2019).

43. The letter dated February 19, 2019, referenced an earlier denial dated December 19, 2018.

44. Upon information and belief, sometime in November or December 2018, Amada submitted a claim to InfinitiHR through Sheldon Altshuler.

45. Upon information and belief Lexington Insurance Company denied coverage in the December 19, 2018 letter.

46. Upon information and belief the EEOC added Regina English on or about December 14, 2020.

47. After the EEOC included Regina English, Amada, on May 6, 2021 through its Office Manager submitted another claim and/or information via email that additional aggrieved individuals had been included to InfinitiHR.

48. After the denial Counsel for Amada requested the relevant insurance policy (or polices), the entire Infiniti HR file, including the December 19, 2018 Lexington Insurance Company letter from Sheldon Altshuler and InfinitiHR Jennifer Archer.

49. Mr. Sheldon Altshuler never responded. We believe that Mr. Sheldon Altshuler is no longer with InfinitiHR.

50. Upon information and belief Mr. Sheldon Altshuler as an agent of InfinitiHR via email dated January 19, 2021 stated "the client retention is only 5k (Infiniti is on the Hook for the rest of the money under the deductible.") (See Exhibit 4 Email from Sheldon Altshuler to Ken Jenson.)

51. Upon information and belief the "deductible" that Mr. Alshuler was referring to was the SIF of $100,000.00 that was in the policy that InfinitiHR procured and bound and was named as the first named insured.

52. Upon information and belief InfinitiHR never paid the $95,000.00 that was required under the policies of Lexington and/or Federal as the first named insured.

53. Ms. Jennifer Archer as an agent of InfinitiHR did respond via email stating "Given the length of time which has elapsed since this matter originated, and the fact that Sheldon is no longer employed with InfinitiHR, the coverage letter is all we are able to provide without incurring significant expense to obtain, review, and provide the rest of the information requested." (See Exhibit 5, Email May 11, 2021 from Ms. Jennifer Archer.)

54. Despite Infiniti HR's failure to assist Amada in obtaining access to their file and information regarding their claims, Amada's claim was denied several months later on September 24, 2021 via email from Jennifer Archer and an attached letter. (Exhibit 6, September 24, 2021 Federal Insurance Company)

55. Amada or its counsel did not receive the InfinitiHR claims file, the December 19, 2018 letter, or any copy of the policy (or policies).

56. After the denial letters by Lexington and/or Federal Insurance Companies the EEOC included the additional aggrieved individuals mentioned above in the EEOC cause of action. The EEOC did not amend the original filed complaint.

57. Upon information and belief USIC, VGM, Federal and InfinitiHR were notified and a claim was filed regarding the additional relevant period and the aggrieved individuals.

58. As a result of the denials and the actions of USIC, VGM, Federal, and InfinitiHR, Amada was forced to and did contribute substantial funds to defend and settle the claims of the later identified employees.

///

///

# FIRST CLAIM FOR RELIEF
### *Breach of Contract by Defendants InfinitiHR and InspiringHR*

59. Plaintiff incorporates the necessary facts, venue, and jurisdiction allegations as if fully rewritten herein.

60. InfinitiHR acted as insurance brokers, first named insureds, co-insurers, and third-party administrators on behalf of Amada with obligations to Amada to properly procure insurance as promised, to assist in the presentation and handling of claims under those policies issued to Amada, and to pay self-insured retention amounts.

61. Amada had valid and binding coverage with Lexington Insurance and/or Federal Insurance which was procured and/or administered by their broker and administrator InfinitiHR.

62. The insurance coverage that Amada had with Federal and Lexingon included EPLI coverage.

63. Coverage was confirmed by InfinitiHR, Lexington, and Federal Insurance in their correspondce via email and letter (See Exhibits 3, 4, 5); however, Lexington and Federal Insurance failed to provide proper Defense and Defense Costs on behalf of InfinitiHR and Amada against the EEOC allegations and Lawsuit.

64. InfinitiHR failed to contribute its proper amount of SIR to the defense of Amada.

65. InfinitiHR failed to perform their duties under the contract when its performances were due, and these failures are a material breach of contract. These material breaches include, but are not limited to:
   a. **Failure to maintain a file;**
   b. **Failure to provide the policy and file;**
   c. **Failure to indemnify Amada for InfinitiHR's share of the deductible;**
   d. **Failure to pay the $95,000.00 SIR as stated by Sheldon Altshuler that InfinitiHR would;**
   e. **Failure to timely investigate Amada's claim;**
   f. **Failure to timely advise Amada;**
   g. **Failure to keep informed of the ongoing and pending EEOC investigation;**
   h. **Failure to inform, amend, supplement, and advise the claim or claims adjuster; and,**
   i. **Failure to keep the claim current.**

66. Amada has performed its duties under the contracts with the Defendants.

67. Amada has had to pay additional attorney fees, defense costs, and settlement costs to defend and settle the lawsuit against Amada for alleged EEOC violations that InfinitiHR were contractually bound to pay.

AMENDED COMPLAINT- Page 7 of 13

## SECOND CLAIM FOR RELIEF
*Breach of Contract by Defendants VGM Insurance Services*

68. Plaintiff incorporates the necessary facts, venue, and jurisdiction allegations as if fully rewritten herein.

69. VGM Insurance Services acted as third-party administrator and/or a managing general agent on behalf of Amada with obligations to Amada to properly maintain insurance as promised and to assist in the presentation and handling of claims under those policies issued to Amada .

70. Amada had valid and binding coverage with USIC and USIC which was procured and/or administered by VGM Insurance Services.

71. The insurance coverage that Amada had through VGM Insurance Services and USIC included EPLI coverage**.**

72. Coverage was confirmed by VGM Insurance Services and USIC Insurance in their correspondce via email and letter (See Exhibit 1); however, USIC failed to provide proper Defense and Defense Costs on behalf Amada against the EEOC allegations and Lawsuit.

73. VGM Insurance Services failed to perform their duties under the contract when its performances were due, and these failures are a material breach of contract. These material breaches include, but are not limited to:
    a. **Failure to timely investigate Amada's claim;**
    b. **Failure to timely advise Amada;**
    c. **Failure to keep the claim current; and,**
    d. **Failure to keep informed of the ongoing and pending EEOC investigation.**

74. Amada has performed its duties under the contracts with the Defendants.

75. Amada has had to pay additional attorney fees, defense costs, and settlement costs to defend and settle the lawsuit against Amada for alleged EEOC violations that USIC was contractually bound to pay.

## THIRD CLAIM FOR RELIEF
*Breach of Covenant of Good Faith and Fair Dealing by the Third Party Administrators.*

76. Plaintiff incorporates the necessary facts, venue, and jurisdiction allegations as if fully rewritten herein.

77. Every contract in Colorado includes a covenant of good faith and fair dealing (Covenant).

78. Third Party Administrators such as VGM and InfinitiHR have duties of good faith and fair dealing toward the insured under the policies they procure and administer.

79. Defendants failed to perform their reasonably expected duties under the covenant by failing to timely investigate, timely advise, adjust the claims represented, provide a reasonable and timely advice to Amada, and administer the claim with Amada's interest ahead of the third-party administer or the insurance company..

80. Defendants, VGM and InfinitiHR acted contrary to the reasonable expectations of Amada and the reasonable expectations of Good Faith and Fair Dealing.

81. Amada has suffered and continues to suffer damages as a result of Defendants' breach of the covenant of good faith and fair dealing.

### FOURTH CLAIM FOR RELIEF
*Breach of Covenant of Good Faith and Fair Dealing by theDefendants* **USIC, Lexingon and Federal**

82. Plaintiff incorporates the necessary facts, venue, and jurisdiction allegations as if fully rewritten herein.

83. Every Insurance contract in Colorado includes a covenant of good faith and fair dealing (Covenant).

84. The Insurance carriers (providers) USIC and Federal have duties of good faith and fair dealing toward the insured under the policies they provide.

85. Defendants failed to perform their reasonably expected duties under the covenant inter alia failing to provide a reasonable and timely defense, participate in settlement/mediation, pay contribute to negotiated settlement amounts, and pay for the covered losses under the employment practices coverage the Defendants maintained.

86. Defendants, USIC and Federal failed to provide the reasonable expected benefits contrary to the reasonable expectations of Amada.

87. Amada has suffered and continues to suffer damages as a result of Defendants' breach of the covenant of good faith and fair dealing.

### FIFTH CLAIM FOR RELIEF
*Unreasonable Delay of Benefits by Defendants, VGM Insurance Services & HRs*

88. Plaintiff incorporates the necessary facts, venue, and jurisdiction allegations as if fully rewritten herein.

89. Defendant Infiniti HR is engaged in the business of brokering, obtaining and administrating insurance claims.

90. Defendant InfinitiHR was a first named insured and had responsbilibty to pay the first $95,000.00 in insurance benefits and/or costs.

91. Amada is a covered entity under the Defendant,s InfinitiHR contracts to broker and/or the administration of insurance claims.

92. Amada properly filed a notice of claim with the Defendant InfinitiHR for coverage under respective policies that this Third-Party administrator had obtained for Amada.

93. Amada incurred covered legal expenses which should have been paid, but were not paid by Defendants, USIP, and/or Federal Insurance as a result of VGM, and InfinitiHR's failure to properly process, investigate and otherwise administer the claims in a timely manner…."

94. Amada incurred covered legal expenses which should have been paid, but were not paid by Defendant InfinitiHR up to the $95,000.00 SIR limit.

95. Defendants InfinitiHR acted in bad faith by failing to timely advise, investigate, adjust, the claims that Amada presented to them for coverage; and for putting their own interest ahead of Amada's. In so doing, these Defendants, aided and assisted the other defendants, USIP, and Federal Insurance in unreasonably delaying and denying benefits that should have been provided.

96. Defendant, InfinitiHR unreasonably delayed paying the benefit of the $95,000.00 SIR required under the insurance policy that InfinitiHR bound and was named as the first named insured.

97. Amada is entitled to damages for such unreasonably delay of benefits, for failing to timely investigate, adjust, and for putting Defendants' interests before Amada's.

98. Amada is entitled to statutory damages pursuant to C.R.S. § 10-3-1116).

## SIXTH CLAIM FOR RELIEF
*Unreasonable Denial of Benefits by Defendants USIC and Federal*

99. Plaintiff incorporates the necessary facts, venue, and jurisdiction allegations as if fully rewritten herein.

AMENDED COMPLAINT- Page 10 of 13

100.	Defendants, USIC and Federal Insurance, are engaged in the business of insurance.

101.	Amada is a covered entity under the insurance policies with Defendants, USIC and Federal Insurance.

102.	Amada properly filed for benefits under the insurance policices Amada was covered by.

103.	Amada incurred covered legal expenses which were and have not been paid by Defendants USIC and Federal Insurance.

104.	Defendants, USIC and Federal Insurance, have violated C.R.S. § 10-3-1115(1) by failing to pay for covered benefits.

105.	Amada is entitled to statutory damages pursuant to C.R.S. § 10-3-1116(1).

## RESERVATION OF RIGHT TO AMEND

Plaintiff reserves the right to amend and to include additional parties.

## JURY DEMAND

Plaintiff  hereby demands a jury trial, pursuant to F.R.C.P. 38, on all issues so triable.

**WHEREFORE,** Plaintiff respectfully pray that the Court grant them the following relief:

A. For a judgment in their favor, costs, expert witness fees, and such other relief that this Court finds just and equitable;

B. For money damages due to Plaintiff for breach of contract;

C. For money damages against Defendants in an amount to be proven at trial;

D. For statutory damages against Defendants in an amount to be proven at trial pursuant to C.R.S. § 10-3-1116;

E. For pre and post judgment interest; and

F. Any other relief that this Court finds just and equitable.

///

Dated at Colorado Springs, Colorado this ___ day of August 2022.

>*/s/Ryan T. Earl*
>Ryan T. Earl
>Earl and Earl, PLLC
>1259 Lake Plaza Drive, Suite 230
>Colorado Springs, Colorado 80906
>719-900-2500
>ryan@earlandearl.com
>Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___ day of August, 2022, I electronically filed the foregoing **Amended Complaint** with the Clerk of the Court via the CM/ECF system which sends notification to the emails on file for this matter:

| | |
|---|---|
| Cedric D. Logan<br>**Wheeler Trigg O'Donnell, LLP**<br>370 17th Street Suite 4500<br>Denver, CO 80202<br>Phone: 303-244-1984<br>logan@wtotrial.com<br>**Attorney for Lexington Insurance Company** | Jon F. Sands<br>Marilyn S. Chappell<br>**Sweetbaum Sands Ramming PC**<br>jsands@sweetbaumsands.com<br>mchappell@sweetbaumsands.com<br>**Attorneys for VGM Insurance Services & United Specialty Insurance Company** |
| Sandy Eloranto<br>Lily E. Nierenberg<br>**Sutton \| Booker, P.C.**<br>4949 S. Syracuse, Suite 500<br>Denver, CO 80237<br>Phone: (303) 730-6204<br>seloranto@suttonbooker.com<br>lnierenberg@suttonbooker.com<br>**Attorneys for HR Services Group, LLC d/b/a InfinitiHR and Inspiring HR, LLC** | Christopher S. Clemenson<br>**Cozen O'Connor**<br>707 17th Street, Suite 3100<br>Denver, CO 80202<br>Phone: 720-479-3894<br>**cclemenson@cozen.com**<br>**Attorney for Federal Insurance Company** |

                                          *Kathy Coburn*
                                          Kathy Coburn, Paralegal for Earl & Earl, PLLC